UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20539-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DONALD P. MANFREDONIA a/k/a
"Don Mann,"                      **REPORT AND RECOMMENDATION**

        Defendant.
_____/

    On or about 6/4/07, court-appointed defense counsel Kristi Flynn Kassebaum of Manto and Kassebaum, LLP, submitted a voucher (No. FLS 05 2238) with appended time sheets requesting $22,860 for attorney's fees and costs pursuant to the Criminal Justice Act ("fee request"). Ms. Kassebaum ("counsel") represented Defendant Donald Manfredonia ("Defendant" and/or "Manfredonia") for approximately 11 months, from counsel's appointment on 7/25/05 to 6/29/06, through an 11-day jury trial and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*.

    The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001)*. If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves

"extended" or "complex" representation, and that the amount is necessary to provide counsel with fair compensation. *18 U.S.C. §3006A(d)(3)*. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3)*. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $8,748 billed for 97.20 in-court hours @ $90/hour. After verifying the in-court time with the Court's minutes, the administrator increased the amount claimed to $8,937.60, to reflect the increase in CJA hourly fees effective 1/1/06.[1]

The CJA administrator reviewed the $14,076 billed for 156.40 out-of-court hours as follows: 9.7 hours for "Interviews and conferences"; 59 hours for "Obtaining and reviewing records"; 4.2 hours for "Legal research and brief writing"; and 83.50 hours for "Investigative and Other work." The administrator adjusted the out-of-court compensation claimed upwards to $14,312.40, again, to reflect the increase in CJA hourly fees effective 1/1/06.[2]

As for expenses, counsel claimed $36 in parking fees. No adjustments were made to this amount.

---

[1] The non-capital hourly panel attorney compensation rate increased from $90/hour to $92/hour for work performed on or after 1/1/06.

[2] See note 1.

The grand total claimed, as adjusted, is now **$23,286.**

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, and case record as it relates to counsel's representation of Defendant Manfredonia. This Court also considered counsel's 8/24/07 letter and 10/9/07 supplemental letter submitted in support of her fee request, as requested.

As a matter of background, this was a complex fraud case arising from months of investigation by the government and which resulted in a 15 page, 33-count indictment charging five (5) individuals with a sophisticated and aggressive scheme to defraud investors located throughout the country into purchasing payphone business opportunities for substantial sums of money. Public Telephone Corporation ("PTC") was the corporation which, through telemarketing, Defendants sold these business opportunities to own and operate payphones. The government charged that from in or about January 2003 through in or about September 2003, Defendants falsely advertised for customers through unsolicited facsimiles sent to individuals and businesses throughout the United States and classified advertisements made available nationwide through the Internet and other media across the country. *Inter alia*, Defendants fraudulently claimed that it was a business partner of AT&T and a member or affiliate of the Better Business Bureau, and used outdated financial information to claim that substantial profits that could be earned by investing in payphone business opportunities and which resulted in the misappropriation of approximately $2 million from potential purchasers. Defendant Manfredonia was one of the several telemarketers who worked for PTC and who solicited sales from potential investors.

Defendant was charged in five counts with: Conspiracy to commit mail and wire fraud

(count 1); Mail fraud (Count 10); and Wire fraud (Counts 25-26, 28). Defendant was arrested on July 15, 2005. The same day, Defendant appeared before the Court for his initial appearance, at which counsel Kristi F. Kassebaum, a Coral Gables practitioner, was appointed as Defendant's counsel of record. After a hearing, the Court released Defendant on bond. However, on 2/21/06, upon motion by his U.S. probation officer and by order of this Court, Defendant was placed in a local halfway house pending trial, based on his mental health condition and admitted drug use.

The case went to trial on 3/20/06 with Defendant and two co-defendants. The trial lasted eleven days which took place over the course of almost three weeks. On 4/7/06, the jury ultimately acquitted Defendant on count 1, but convicted him on the remaining 4 counts for Mail fraud and Wire fraud. Sentencing was held three months later on 6/20/06, whereupon Defendant was sentenced to 30 months imprisonment followed by 3 years supervised release, a $400 assessment, and made subject to an $89,947 joint and several restitution order in favor of the fraud victims. Almost one year later, on 6/4/07, counsel submitted her fee request.[3]

As for the voucher and the adjusted $14,312.40 claimed for out-of-court fees[4], I have reviewed the entries listed on the time sheets and the total time claimed for each of the task categories. As for the 59 hours reported for "Obtaining and reviewing records," the case record reveals, and as counsel explained, this was clearly a lengthy and complex case, based upon the number of defendants, the nature of the fraud charges, and the number of victims and witnesses residing throughout the United

---

[3] Counsel explained that she was unaware of a time limit for her submission. The undersigned points out, however, as a cautionary measure, that the Supplemental Instructions for Completing CJA Form 20 Vouchers at no. 4. states that CJA counsel are instructed to submit their CJA Form 20 vouchers "NO LATER THAN 45 DAYS AFTER FINAL DISPOSITION OF THE CASE (or counsel's withdrawal from case)." The Court's administrator, however, advises that the rule has rarely, if ever, been enforced by the judges of this Court.

[4] The undersigned generally defers to the Court clerk to verify all in-court time and expense allowances.

States. The discovery produced was voluminous requiring the government's eleven (11) filed responses to the Standing Discovery Order " [see docket entry nos. 56, 66, 75, 85, 89, 91, 95, 101, 105, 116, 121]. Other counsel in the case described the production as "approximately 250,000 relevant documents," including telephone, bank, mail, and business records, 404(b) evidence, recorded statements, audio recordings, transcripts, etc. Thus, the 59 hours claimed by counsel are well substantiated by what counsel was required to review to effectively prepare her defense.

As for the 83.50 hours listed for "Investigative and Other work," the time sheets reveal that this was actually time counsel spent overall preparing for trial. The trial included three defendants and, as previously mentioned, lasted eleven days over the course of almost three weeks. It is reported that the government produced at trial, *inter alia,* numerous witnesses who were alleged co-conspirators who entered into plea agreements, alleged victims of the fraudulent activities, a substantial number of documents to support the fraud allegations including mail and phone records which documented the transactions and undercover recordings to prove *mens rea.* Counsel clearly had her work cut out for her.

In checking in-court time reported, the Court clerk noted a discrepancy in counsel's reported in-court trial time as compared to the Court's records for actual trial time, as listed on pages 3&4 of the time sheets. Counsel Kassebaum explained, however, that the time she reported included all of the time that she was actually working on this case, even through the lunch breaks, and that she never left the Courthouse during the allowed breaks.

In conclusion, I am satisfied that counsel documented the actual time she spent on the case. I find the time billed to be justifiable, reasonable and fair.[5] Considering the number of defendants and charges involved, the massive amount of discovery produced and the work required to prepare this

---

[5] This Court also notes that the only costs counsel billed for were parking fees ($36).

case for a lengthy trial, I also consider this matter to be "extended" if not "complex," justifying compensation in excess of the $7,000 statutory maximum.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the **$23,286** adjusted claim ($8,937.60 in-court time + $14,312.40 out-of-court time + $36 costs), as fair compensation for her work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Respectfully submitted this ___ day of October, 2007.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc:  District Judge Patricia A. Seitz
     Kristi F. Kassebaum, Esq.
     Lucy Lara, CJA administrator